1  Curtis A. Graham, Bar No. 215745
   Michelle Rapoport, Bar No. 247459
2  Roger L. Scott, Bar No. 247165
   FORD & HARRISON LLP
3  350 South Grand Avenue, Suite 2300
   Los Angeles, CA  90071
4  Telephone:  (213) 237-2400
   Facsimile:  (213) 237-2401
5  E-mail:    cgraham@fordharrison.com
              mrapoport@fordharrison.com
6              rscott@fordharrison.com

7  Attorneys for Defendant
   FIDELITY NATIONAL MANAGEMENT
8  SERVICES, LLC

9          **UNITED STATES DISTRICT COURT**

10         **CENTRAL DISTRICT OF CALIFORNIA**

11 JAMES BURDA, an individual,              Case No.
   LAUREL HESS, an individual, LORI
12 CALLISON, an individual, CANDEE          **CV11-01215** CAS(FFMx)
   ERWIN, an individual, SHIRLEY
13 PALAZZO, an individual, JOYCE            **DEFENDANT'S NOTICE OF**
   SCHEMEL, an individual, on behalf of     **FILING A PETITION FOR**
14 themselves, and all persons similarly    **REMOVAL OF CIVIL ACTION**
   situated,                                **PURSUANT TO 28 U.S.C. §§ 1446;**
15                                          **DECLARATIONS OF PATRICK**
                    Plaintiffs,             **MORTIMER AND MICHELLE**
16                                          **RAPOPORT IN SUPPORT**
                                            **THEREOF**
17 v.

18 FIDELITY NATIONAL
   MANAGEMENT SERVICES, LLC, a
19 Delaware limited liability company
   doing business in the State of
20 California, and DOES 1 through 100,
   Inclusive,
21
                    Defendants.
22

23      TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

24 DISTRICT OF CALIFORNIA AND TO PLAINTIFFS JAMES BURDA,

25 LAUREL HESS, LORI CALLISON, CANDEE ERWIN, SHIRLEY PALAZZO

26 AND JOYCE SCHEMEL AND THEIR ATTORNEYS OF RECORD:

27 ///

28 ///

1   PLEASE TAKE NOTICE that defendant Fidelity National Management

2   Services, LLC ("Defendant"), by and through its undersigned counsel, hereby

3   removes this action from the Superior Court of the State of California for the

4   County of Orange ("Superior Court") to the United States District Court for the

5   Central District of California pursuant to 28 U.S.C. §§ 1332 and 1441, based on the

6   following:

7   **Commencement And Pendency Of Action In State Court**

8   1.   On January 5, 2011, Plaintiffs James Burda, Laurel Hess, Lori

9   Callison, Candee Erwin, Shirley Palazzo, and Joyce Schemel ("Plaintiffs") filed a

10  Class Action Complaint in the Superior Court (Superior Court Case No. 30-2011-

11  00438385-CU-OE-CXC) captioned as: James Burda, an individual, Laurel Hess, an

12  individual, Lori Callison, an individual, Candee Erwin, an individual, Shirley

13  Palazzo, an individual, Joyce Schemel, an individual, on behalf of themselves, and

14  all persons similarly situated, Plaintiffs, v. Fidelity National Management Services,

15  LLC, a Delaware limited liability company doing business in the State of

16  California, and Does 1 through 100, Inclusive ("Class Action Complaint").

17  2.   The Class Action Complaint alleges claims for wage and hour

18  violations under California law for all current and former similarly situated

19  employees from January 5, 2007 to the present.  Specifically, the Class Action

20  Complaint alleges claims for: (1) failure to pay wages owed in violation of

21  California Labor Code sections 204 and 218; (2) failure to pay overtime

22  compensation in violation of California Labor Code sections 510, 1194 and 1198;

23  (3) unlawful wage deductions in violation of California Labor Code section 221; (4)

24  failure to reimburse for business expenses in violation of California Labor Code

25  section 2802; (5) failure to provide meal and rest periods in violation of California

26  Labor Code sections 226.7 and 512; (6) failure to itemize pay statements in

27  violation of California Labor Code section 226; and (7) unfair competition in

28  violation of California Business and Professions Code section 17200 et. seq.  (See

1   Class Action Complaint, attached as Exhibit "A" to the Declaration of Michelle

2   Rapoport; see also Plaintiffs' Business and Professions Code section 17200

3   Questionnaire, attached as Exhibit "B" to the Declaration of Michelle Rapoport.)

4       3.   Service upon Defendant of the Summons and Class Action Complaint

5   was completed on January 10, 2011.  (See Proof of Service attached as Exhibit "C"

6   to the Declaration of Michelle Rapoport.)

7       4.   Defendant filed its Answer to the Class Action Complaint in the

8   Superior Court on February 9, 2011.  (See Answer attached as Exhibit "D" to the

9   Declaration of Michelle Rapoport.)

10       5.   Exhibits "A" through "D" constitute all the process, pleadings and

11   orders filed or served upon Defendant (to Defendant's current knowledge) in this

12   action to date.

13   **Class Action Fairness Act - Diversity Of The Parties**

14       6.   Pursuant to 28 U.S.C. section 1332(d)(2), this Court has original

15   jurisdiction over this matter because it is a "civil action in which the matter in

16   controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,

17   and is a class action in which – (A) any member of a class of plaintiffs is a citizen

18   of a State different from any defendant . . . ."

19       7.   Plaintiffs James Burda, Laurel Hess, Candee Erwin, Shirley Palazzo

20   and Joyce Schemel were/are residents of Orange County at all times relevant to

21   their claims.  (See Complaint, ¶¶ 4.1(a), 4.2(a), 4.4(a), 4.5(a), 4.6(a).)  Plaintiff Lori

22   Callison was/is a resident of Santa Clara County at all times relevant to her claims.

23   (See Complaint, ¶¶ 4.3(a).)  Plaintiffs worked in California and used a California

24   address as the location of their residence during their employment.  (Declaration of

25   Patrick Mortimer ("Mortimer Decl."), ¶ 6.)    Thus, Plaintiffs are citizens of

26   California. See 28 U.S.C. § 1332(a)(1) (individual is citizen of State in which he or

27   she is domiciled).

28   ///

1    8.    Defendant is an LLC established under the laws of the State of
2    Delaware, and it maintains its principal place of business in the State of Florida.
3    (See Mortimer Decl., ¶ 3.)  All of Defendant's business operations, including its
4    California operations, are directed, controlled and coordinated from its headquarters
5    in Jacksonville, Florida.    (See Mortimer Decl., ¶ 3.)   Chicago Title Insurance
6    Company is Defendant's only member, and Chicago Title Insurance Company is
7    incorporated in the State of Nebraska and has its principle place of business in the
8    State of Florida.   (See Mortimer Decl., ¶ 3.)   Thus, Defendant is a citizen of
9    Delaware and Florida.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d
10   894, 899 (9th Cir. 2006) (LLC is citizen of every state of which its
11   owners/members are citizens).

12    9.    In addition, for purposes of removal, the citizenship of fictitiously-
13   named "Doe" defendants is to be disregarded.  28 U.S.C. § 1441(a).

14    10.    Accordingly, there exists diversity of citizenship in this action between
15   Plaintiff and Defendant within the meaning of 28 U.S.C. section 1332.

### Class Action Fairness Act - The Amount
### In Controversy Exceeds $5,000,000

18    11.    Defendant generally and specifically denies Plaintiffs' allegations and
19   Claims for Relief within the Class Action Complaint.

20    12.    In assessing the amount in controversy, however, a court must assume
21   that a jury will return a verdict for the plaintiff on all class claims.  See e.g.,
22   Kenneth Rothchild Trust v. Morgan Stanley Dean Witter, 199 F.Supp. 993, 1001
23   (C.D. Cal. 2002).

24    13.    Plaintiffs seek to represent individuals employed in California as: (a)
25   Title Officers; (b) Assistant Title Officers; (c) Escrow Officers; and (d) Assistant
26   Escrow Officers. (Complaint, ¶ 3.) From January 5, 2007 to the present, more than
27   200 individuals were employed in these job categories in California. (See Mortimer
28   Decl., ¶ 7.)

14.   Plaintiffs' hourly rates varied from $17.30 per hour to $40.40 per hour. (See Mortimer Decl., ¶¶ 8-13.)  Plaintiffs' average rate was $24.96.

15.   The Class Action Complaint's Second Claim for Relief (Overtime Compensation) seeks premium pay for overtime hours worked.  The amount in controversy for Plaintiff's Second Claim for Relief exceeds $1,497,600.  The calculation is based upon the following:

a.   Premium pay for each hour worked over eight and under twelve in a day is $37.44 ($24.96 * 1.5).

b.   Assuming one overtime hour worked per week at an average hourly rate of $37.44, multiplied by 50 workweeks per year equals $1872 per employee per year;

c.   $1872 multiplied by 200 employees is $374,400;

d.   $374,400 multiplied by four, due to the alleged four-year limitations period, is $1,497,600.

16.   The Class Action Complaint's Fifth Claim for Relief (Failure to Provide Meal and Rest Periods) alleges one hour of "premium pay" as a penalty for each missed meal period and one hour "premium pay" for each missed rest period, for all similarly situated employees from January 5, 2007 to the present.  The amount in controversy for Plaintiff's Fifth Claim for Relief exceeds $9,984,000. The calculation is based upon the following:

a.   Assuming each employee seeks the available damages for the alleged meal and rest period violations, each employee would be entitled to 10 hours of penalty pay per week;

b.   Ten hours of penalty pay per week times 50 workweeks per year equals 500 penalty-pay hours per employee per year;

c.   500 penalty-pay hours times an approximate average hourly rate of $24.96 per hour is $12,480 per year per employee;

d.   $12,480 times 200 employees is $ 2,496,000 per year;

1        e.    $2,496,000 multiplied by four, due to the alleged four-year

2  statute of limitations, is $9,984,000.

3        17.    The Class Action Complaint's Sixth Claim for Relief (Improper Wage

4  Statements) alleges up to a $4,000 penalty per employee for an alleged failure to

5  provide accurate wage statements to putative class members.  The alleged amount

6  in controversy for Plaintiffs' Sixth Claim for Relief therefore exceeds $800,000

7  ($4000 times 200 employees) for the alleged putative class members.

8        18.    Thus, with their class allegations, Plaintiffs seek a total of at least

9  $12,281,000 in their Second, Fifth and Sixth Claims for Relief.  Plaintiffs seek an

10  additional amount of damages and/or penalties in their First, Third, and Fourth

11  Claims for Relief, but the alleged amounts are currently unknown.

12        19.    The Class Action Complaint also seeks attorneys' fees.  (See Class

13  Action Complaint, Prayer ¶¶  1(D), 2(D), 3(C), 4(C), 5(C) and 6(C).)  Importantly,

14  when determining whether a complaint meets the amount in controversy

15  requirements, attorneys' fees must be taken into account when calculating the total

16  amount in controversy.  See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-

17  1156 (9th Cir. 1998).

18        20.    In similar class action litigation matters, courts routinely grant

19  attorneys' fees awards in the range of 25% to 33% of the settlement or verdict

20  amount.  See e.g., In re Activision Securities Litigation, 723 F.Supp. 1373, 1378

21  (N.D. Cal. 1989).  As such, Plaintiff's counsel's potential attorneys' fee award,

22  assuming the recoveries set forth above, would likely exceed $3,070,250 (25% of

23  $12,281,000).

24        21.    Accordingly, based on Plaintiffs' allegations in the Class Action

25  Complaint, Plaintiffs present a total amount in controversy that exceeds the

26  requirements of 28 U.S.C. section 1332(d).

27  ///

28  ///

1  **Timely Removal**

2      22.    The instant Notice of Filing a Petition for Removal of Civil Action has

3  been timely filed pursuant to 28 U.S.C. § 1446(b).  This Notice is filed within thirty

4  (30) days of service of the Class Action Complaint upon Defendant, and the

5  Superior Court in which this action is commenced is within this Court's district and

6  division.

7      **Notice To Plaintiff And The Superior Court**

8      23.    As required by 28 U.S.C. § 1446(d), Defendant will give notice of this

9  removal to Plaintiff.

10      24.    As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal

11  will be filed with the Superior Court.

12      WHEREFORE, Defendant respectfully petitions the removal of the above-

13  captioned action from the Superior Court of the State of California for the County

14  of Orange to this United States District Court for the Central District of California.

15

16

17  Dated: February 8, 2011           Respectfully submitted,

18                              FORD & HARRISON LLP

19

20                              By:

21                                  Curtis A. Graham
                                Michelle Rapoport

22                                  Roger L. Scott
                                Attorneys for Defendant

23                                  FIDELITY NATIONAL
                                MANAGEMENT SERVICES, LLC

24

25

26

27

28

# DECLARATION OF
# PATRICK MORTIMER

1  Curtis A. Graham, Bar No. 215745
   Michelle Rapoport, Bar No. 247459
2  Roger L. Scott, Bar No. 247165
   FORD & HARRISON LLP
3  350 South Grand Avenue, Suite 2300
   Los Angeles, CA  90071
4  Telephone:  (213) 237-2400
   Facsimile:  (213) 237-2401
5  E-mail:      cgraham@fordharrison.com
                mrapoport@fordharrison.com
6               rscott@fordharrison.com

7  Attorneys for Defendant
   FIDELITY NATIONAL MANAGEMENT
8  SERVICES, LLC

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11 JAMES BURDA, an individual,            Case No.
   LAUREL HESS, an individual, LORI
12 CALLISON, an individual, CANDEE
   ERWIN, an individual, SHIRLEY
13 PALAZZO, an individual, JOYCE          DECLARATION OF PATRICK
   SCHEMEL, an individual, on behalf of   MORTIMER IN SUPPORT OF
14 themselves, and all persons similarly  DEFENDANT'S NOTICE OF
   situated,                              REMOVAL
15
                Plaintiffs,
16
17 v.

18 FIDELITY NATIONAL
   MANAGEMENT SERVICES, LLC, a
19 Delaware limited liability company
   doing business in the State of
20 California, and DOES 1 through 100,
   Inclusive,
21
                Defendants.
22

23        I, Patrick Mortimer, declare as follows:

24        1.     I have personal knowledge of the following, or knowledge based upon

25 records which are within my custody and control.  If called and sworn as a witness,

26 I could and would competently testify thereto.

27 ///

28
FORD & HARRISON
     LLP                LA:100730.1
ATTORNEYS AT LAW
   Los Angeles

                                                   DECLARATION OF PATRICK MORTIMER
                                                   IN SUPPORT OF DEFENDANT'S NOTICE
                                                                         OF REMOVAL

**8**

2.   I am a Vice President and officer of Chicago Title Insurance Company, and I have been employed in this capacity for over six years.  Chicago Title Insurance Company is the managing member of defendant Fidelity National Management Services, LLC.  In my capacity as Vice President of Chicago Title Insurance Company, I am authorized to make this declaration on behalf of and regarding defendant Fidelity National Management Services, LLC.

3.   Fidelity National Management Services, LLC is incorporated in the State of Delaware.   The principal place of business of Fidelity National Management Services, LLC is in the State of Florida.  All of Fidelity National Management Services, LLC's business operations, including its California operations, are directed, controlled and coordinated from its headquarters in Jacksonville, Florida.  Chicago Title Insurance Company is the only member of Fidelity National Management Services, LLC, and Chicago Title Insurance Company is a corporation that is incorporated in the State of Nebraska and has its principal place of business in the State of Florida.

4.   As Vice President of Chicago Title Insurance Company, I have access to and am familiar with the California records of Fidelity National Management Services, LLC.  I also have reviewed the allegations within the "Class Action Complaint for Damages, Restitution, and Injunctive Relief" filed on January 5, 2011 in the Superior Court of the State of California for the County of Orange (the "Complaint").

5.   Regarding the allegations in the Complaint, I have reviewed the records within my custody and control, including the personnel records for all six of the plaintiffs in this action: James Burda, Laurel Hess, Lori Callison, Candee Erwin, Shirley Palazzo, and Joyce Schemel ("Plaintiffs").

6.   Based on the records within my custody and control, I have confirmed that all of the Plaintiffs worked in California, and as alleged in the Complaint, used a California address as the location of their residence during their employment.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:100730.1

- 2 -

DECLARATION OF PATRICK MORTIMER
IN SUPPORT OF DEFENDANT'S NOTICE
OF REMOVAL

7.  Based on the records within my custody and control, during the alleged class period of January 5, 2007 to the present, the number of individuals who allegedly worked in California as "'Title Officers,' and/or 'Assistant Title Officers,' and/or 'Escrow Officers,' and/or 'Assistant Escrow Officers'" exceeds 200.

8.  Based on the records within my custody and control, plaintiff James Burda's regular average hourly wage was approximately $22.50.

9.  Based on the records within my custody and control, plaintiff Laurel Hess' regular average hourly wage was approximately $20.20.

10.  Based on the records within my custody and control, plaintiff Lori Callison's regular average hourly wage was approximately $40.40.

11.  Based on the records within my custody and control, plaintiff Candee Erwin's regular average hourly wage was approximately $29.20.

12.  Based on the records within my custody and control, plaintiff Shirley Palazzo's regular average hourly wage was approximately $17.30.

13.  Based on the records within my custody and control, plaintiff Joyce Schemel's regular average hourly wage was approximately $20.20.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 8th day of February, 2011 at Irvine, California.

Patrick Mortimer

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:100730.1

- 3 -

DECLARATION OF PATRICK MORTIMER
IN SUPPORT OF DEFENDANT'S NOTICE
OF REMOVAL

# DECLARATION OF
# MICHELLE RAPOPORT

1   Curtis A. Graham, Bar No. 215745
    Michelle Rapoport, Bar No. 247459
2   Roger L. Scott, Bar No. 247165
    FORD & HARRISON LLP
3   350 South Grand Avenue, Suite 2300
    Los Angeles, CA  90071
4   Telephone:  (213) 237-2400
    Facsimile:  (213) 237-2401
5   E-mail:     cgraham@fordharrison.com
                mrapoport@fordharrison.com
6               rlscott@fordharrison.com

7   Attorneys for Defendant
    FIDELITY NATIONAL MANAGEMENT
8   SERVICES, LLC

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  JAMES BURDA, an individual,          Case No.
    LAUREL HESS, an individual, LORI
13  CALLISON, an individual, CANDEE
    ERWIN, an individual, SHIRLEY
14  PALAZZO, an individual, JOYCE        DECLARATION OF MICHELLE
    SCHEMEL, an individual, on behalf of  RAPOPORT IN SUPPORT OF
15  themselves, and all persons similarly  DEFENDANT'S NOTICE OF
    situated,                            REMOVAL
16
                     Plaintiffs,
17
    v.
18
    FIDELITY NATIONAL
19  MANAGEMENT SERVICES, LLC, a
    Delaware limited liability company
20  doing business in the State of
    California, and DOES 1 through 100,
21  Inclusive,
22                   Defendants.
23
24       I, Michelle Rapoport, declare as follows:
25       1.      I am an attorney at law, licensed to practice in the state of California.  I
26  am an Associate with the law firm of Ford & Harrison LLP, counsel of record for
27  defendant Fidelity National Management Services, LLC ("Defendant") in this
28  action and make this declaration in support of Defendant's Notice of Removal.  All

FORD & HARRISON      LA:100731.1                 DECLARATION OF MICHELLE RAPOPORT IN
LLP                                            SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL
ATTORNEYS AT LAW
LOS ANGELES

1  of the information set forth herein is based on my personal knowledge and, if called

2  as a witnesses, I could competently testify thereto.

3      2.    Attached hereto as Exhibit "A" is a true and correct copy of Plaintiffs'

4  complaint in this matter.

5      3.    Attached hereto as Exhibit "B" is a true and correct copy the Business

6  and Professions Code section 17200 questionnaire filed by Plaintiffs.

7      4.    Service upon Defendant of the Summons and Class Action Complaint

8  was completed on January 10, 2011.  Attached hereto as Exhibit "C" is a true and

9  correct copy of the Proof of Service filed in this matter.

10      5.    Defendant filed its Answer to the Class Action Complaint in the

11  Superior Court on February 9, 2011.  Attached hereto as Exhibit "D" is a true and

12  correct copy of Defendant's answer in this matter.

13

14      I declare under penalty of perjury under the laws of the United States of

15  America that the foregoing is true and correct.  Executed this 9th day of February,

16  2011, in Los Angeles, California.

17

18

19  _____
                    Michelle Rapoport

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
Los Angeles

LA:100731.1

- 2 -

DECLARATION OF MICHELLE RAPOPORT IN
SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FIDELITY NATIONAL MANAGEMENT SERVICES, LLC., a Delaware limited liability company doing business in the State of California, and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAMES BURDA, an individual, LAUREL HESS, an individual, LORI CALLISON, an individual, CANDE ERWIN, an individual, SHIRLEY PALAZZO, an individual, JOYCE SCHEMEL, an individual, on behalf of themselves, and all persons similarly situated,

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/06/2011** at 10:30:00 AM
Clerk of the Superior Court
By Margaret M Demaria,Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es)*: Superior Court of California, County of Orange 751 W. Santa Ana Blvd. Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):* **30-2011-00438385-CU-OE-CXC** Judge Nancy Wieben Stock |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James M. Treglio
CLARK & MARKHAM LLP
600 B Street, Suite 2130, San Diego, CA 92101

DATE: **01/06/2011** ALAN CARLSON, Clerk of the Court   Clerk, by *Margaret De Maria*, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Fidelity National Management Services, LLC
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]



Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT A

13

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James M. Treglio (SBN 228077)<br>CLARK & MARKHAM LLP<br>600 B Street, Suite 2130<br>San Diego, CA 92101<br>TELEPHONE NO: (619) 239-1321   FAX NO.: (619) 239-5888<br>ATTORNEY FOR *(Name):* Plaintiffs | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**01/05/2011** at 09:39:55 AM<br>Clerk of the Superior Court<br>By Maarit H Nordman,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME:

CASE NAME: Burda, et al. v. Fidelity National
Management Services, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE 30-2011-00438385-CU-OE-CXC |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Nancy Wieben Stock<br>DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 7: Wages, OT, Wage Deductions, Business Expenses, Breaks, UCL
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 5, 2011

James M. Treglio
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

14

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice- Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court Case Matter
    Writ-Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

1  David R. Markham (SBN 071814)
   R. Craig Clark (SBN 129219)
2  James M. Treglio (SBN 228077)
   Laura M. Cotter (SBN 259445)
3  **CLARK & MARKHAM LLP**
   600 B Street, Suite 2130
4  San Diego, CA 92101
   Telephone: (619) 239-1321
5  Facsimile: (619) 239-5888

6  Nicholas Wagner (SBN 109455)
   Andrew B. Jones (SBN 076915)
7  Daniel M. Kopfman (SBN 192191)
   **LAW OFFICES OF WAGNER & JONES**
8  111 E. Herndon, Suite 317
   Fresno, CA 93720
9  Telephone: (559) 449-1800
   Facsimile: (559) 449-0749

10

   *[Additional counsel listed on signature page]*
11
   Attorneys for Plaintiffs
12

13

14

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/05/2011** at 09:39:55 AM

Clerk of the Superior Court
By Maarit H Nordman,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ORANGE

15  JAMES BURDA, an individual, LAUREL  ) Case No.   30-2011-00438385-CU-OE-CXC
16  HESS, an individual, LORI CALLISON, an )
    individual, CANDEE ERWIN, an individual, ) **CLASS ACTION**
17  SHIRLEY PALAZZO, an individual, JOYCE )
    SCHEMEL, an individual, on behalf of      ) **COMPLAINT FOR DAMAGES,**
18  themselves, and all persons similarly situated, ) **RESTITUTION AND INJUNCTIVE**
                                                ) **RELIEF FOR:**
19          Plaintiffs,                         )
                                                ) **(1) FAILURE TO PAY WAGES OWED**
20      v.                                      ) **IN VIOLATION OF CAL. LAB. CODE §§**
                                                ) **204 AND 218;**
21  FIDELITY NATIONAL MANAGEMENT              )
    SERVICES, LLC., a Delaware limited liability ) **(2) FAILURE TO PAY OVERTIME**
22  company doing business in the State of      ) **COMPENSATION IN VIOLATION OF**
    California, and DOES 1 through 100, Inclusive. ) **CAL. LAB. CODE §§ 510, 1194 AND 1198;**
23                                              )
            Defendants.                         ) **(3) UNLAWFUL WAGE DEDUCTIONS IN**
24                                              ) **VIOLATION OF CAL. LAB. CODE § 221;**
                                                )
25                                              ) **(4) FAILURE TO REIMBURSE FOR**
                                                ) **BUSINESS EXPENSES IN VIOLATION OF**
26                                              ) **CAL. LAB. CODE § 2802;**
                                                )
27                                              ) **(5) FAILURE TO PROVIDE MEAL AND**
                                                ) **REST PERIODS IN VIOLATION OF CAL.**
28                                              ) **LAB. CODE §§ 226.7 AND 512; and,**
                                                )
                                                )   Judge Nancy Wieben Stock

1

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

) **(6)  FAILURE TO ITEMIZE PAY**
) **STATEMENTS IN VIOLATION OF CAL.**
) **LAB. CODE § 226;**
)
) **(7) UNFAIR COMPETITION IN**
) **VIOLATION OF CAL. BUS. & PROF.**
) **CODE § 17200** *et seq.*
)
) **DEMAND FOR A JURY TRIAL**

Comes now Plaintiffs JAMES BURDA, LAUREL HESS, LORI CALLISON, CANDEE ERWIN, SHIRLEY PALAZZO, and JOYCE SCHEMEL ("Plaintiffs") on behalf of themselves and all others similarly situated, allege as follows:

This class action is brought on behalf of all present and former "Title Officers," and/or "Assistant Title Officers," and/or "Escrow Officers," and/or "Assistant Escrow Officers" employed in California by Defendant FIDELITY NATIONAL MANAGEMENT SERVICES, LLC (hereinafter "Fidelity" or "Defendant"). All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the Plaintiffs named herein and their counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to Cal. Civ. Proc. Code § 410.10. The action is brought pursuant to Cal. Civ. Proc. Code § 382, Cal. Civ. Code § 1781 et seq. Plaintiffs bring this action on their own behalf, and on behalf of all persons within the class defined herein.

2.      Venue is proper in this Court pursuant to Cal. Civ. Proc. Code §§ 395 and 395.5 because the injuries to one or more of the persons named herein occurred in the County of Orange.

## CLASS DEFINITION

3.      The CLASS consists of all California residents who are current and former employees of Fidelity, and consisting of four subclasses as follows: persons who held any position as (a) "Title Officer," and/or (b) "Assistant Title Officer," and/or (c) "Escrow Officer," and/or (d) "Assistant Escrow Officer," who:

(a)      Performed work for Fidelity and were not paid for that work, and/or;

2

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

(b)    Worked more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, and who were not paid the overtime premium compensation pursuant to the applicable California Labor Code sections and Industrial Welfare Commission Wage Order Requirements, and/or;

(c)    Had non-tax related and/or involuntary deductions made by Fidelity to their incentive based wages.

3.1.    The CLASS PERIOD commences on the date that is within four years prior to the filing of this complaint and through the date class certification is granted. The CLASS PERIOD for any CLASS member does not include any time period when any CLASS member was employed by LandAmerica and/or Lawyers Title prior to the acquisition of these entities by Fidelity. To the extent equitable tolling operates to toll claims by the CLASS against Defendants, the Class Period should be adjusted accordingly. The CLASS includes all such persons, whether or not they were paid by commission, by salary, or by part commission and part salary.

## CLASS ALLEGATIONS

4.    Plaintiffs, at all material times mentioned herein, allege:

4.1.    Plaintiff JAMES BURDA, at all material times mentioned herein;

(a) Is an individual who resides in the County of Orange, California;

(b) Was employed as a "Title Officer" for Fidelity from approximately November 2008 until approximately August 2010;

(c) Performed work for Fidelity that he was not compensated for and/or performed work that he was not properly compensated for;

(d) Worked more than eight (8) hours and/or more than forty (40) hours on numerous occasions and did not receive overtime compensation;

(e) Had non-tax related and/or involuntary deductions made by Fidelity to his incentive based wages.

4.2.    Plaintiff LAUREL HESS, at all material times mentioned herein;

(a) Is an individual who resides in the County of Orange, California;

(b) At the time of filing of this complaint, is currently employed as an "Assistant

3

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1  Title Officer" for Fidelity.   She has held that position since approximately

2  November 2008;

3  (c) Performed work for Fidelity that she was not compensated for and/or performed

4  work that she was not properly compensated for;

5  (d) Worked more than eight (8) hours and/or more than forty (40) hours on

6  numerous occasions and did not receive overtime compensation;

7  (e)  Had non-tax related and/or involuntary deductions made by Fidelity to her

8  incentive based wages.

9     4.3.   Plaintiff LORI CALLISON, at all material times mentioned herein;

10  (a) Is an individual who resides in the County of Santa Clara, California;

11  (b) At the time of filing of this complaint, is currently employed as an "Escrow

12  Officer" for Fidelity.  She has held that position since approximately November

13  2008;

14  (c) Performed work for Fidelity that she was not compensated for and/or performed

15  work that she was not properly compensated for;

16  (d) Worked more than eight (8) hours and/or more than forty (40) hours on

17  numerous occasions and did not receive overtime compensation.

18     4.4.   Plaintiff CANDEE ERWIN, at all material times mentioned herein;

19  (a) Is an individual who resides in the County of Orange, California;

20  (b) Was employed as an "Escrow Officer" for Fidelity from approximately

21  November 2008 until approximately April 2010;

22  (c) Performed work for Fidelity that she was not compensated for and/or performed

23  work that she was not properly compensated for;

24  (d) Worked more than eight (8) hours and/or more than forty (40) hours on

25  numerous occasions and did not receive overtime compensation.

26     4.5.   Plaintiff SHIRLEY PALAZZO, at all material times mentioned herein;

27  (a) Is an individual who resides in the County of Orange, California;

28  (b) Was employed as an "Assistant Escrow Officer" for Fidelity from approximately

4

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1    November 2008 until approximately January 2010;

2    (c) Performed work for Fidelity that she was not compensated for and/or performed

3    work that she was not properly compensated for;

4    (d) Worked more than eight (8) hours and/or more than forty (40) hours on

5    numerous occasions and did not receive overtime compensation;

6    4.6.    Plaintiff JOYCE SCHEMEL, at all material times mentioned herein;

7    (a) Is an individual who resides in the County of Orange, California;

8    (b) Was employed as an "Assistant Escrow Officer" and also an "Escrow Officer"

9    for Fidelity at differing times during the period from approximately November 2008

10   until approximately November 2010;

11   (c) Performed work for Fidelity that she was not compensated for;

12   (d) Worked more than eight (8) hours and/or more than forty (40) hours on

13   numerous occasions and did not receive overtime compensation;

14   (e)  Had non-tax related and/or involuntary deductions made by Fidelity to her

15   incentive based wages.

16   5.    This Class Action meets the statutory prerequisites for the maintenance of a Class

17   Action as set forth in California Code of Civil Procedure § 382, in that:

18   (a)    The persons who comprise the CLASS are so numerous that the joinder of all such

19   persons is impracticable and the disposition of their claims as a class will benefit the parties and the

20   Court;

21   (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are

22   raised in this Complaint are common to the CLASS and will apply uniformly to every member of

23   the CLASS, and as a practical matter be dispositive of interests of the other members not party to

24   the adjudication or substantially impair or impede their ability to protect their interests.

25   (c)    The parties opposing the CLASS have acted or refuse to act on grounds generally

26   applicable to the CLASS, thereby making appropriate final injunctive relief or corresponding

27   declaratory relief with respect to the CLASS as a whole; and

28   (d)    Common questions of law and fact exist as to the members of the CLASS and

5

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1  predominate over any question affection only individual members, and a Class Action is superior

2  to other available methods for the fair and efficient adjudication of the controversy, including

3  consideration of

4      1) The interests of the members of the CLASS in individually controlling the

5      prosecution or defense of separate actions;

6      2) The extent and nature of any litigation concerning the controversy already

7      commenced by or against members of the CLASS;

8      3) The desirability or undesirability of concentrating the litigation of the claims in

9      the particular forum; and

10     4) The difficulties likely to be encountered in the management of a Class Action.

11  6.     This Court should permit this action to be maintained as a Class Action pursuant to

12  California Code of Civil Procedure § 382 because:

13     (a)     The questions of law and fact common to the CLASS predominate over any

14  question affecting only individual members;

15     (b)     A Class Action is superior to any other available method for the fair and efficient

16  adjudication of the claims of the members of the CLASS;

17     (c)     The members of the CLASS are so numerous that it is impractical to bring all

18  members of the CLASS before the Court;

19     (d)     Plaintiffs, and the other CLASS members, will not be able to obtain effective and

20  economic legal redress unless the action is maintained as a Class Action;

21     (e)     There is a community of interest in obtaining appropriate legal and equitable relief

22  for the common law and statutory violations and other improprieties, and in obtaining adequate

23  compensation for the damages and injuries which Fidelity's actions have inflicted upon the

24  CLASS;

25     (f)     There is a community of interest in ensuring that the combined assets and available

26  insurance of Fidelity is sufficient to adequately compensate the members of the CLASS for the

27  injuries sustained;

28     (g)     Fidelity has acted or refused to act on grounds generally applicable to the CLASS,

6

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1  thereby making final injunctive relief appropriate with respect to the CLASS as a whole.

2  **DEFENDANTS**

3      7.      Plaintiffs are informed and believe and thereupon allege that at all times mentioned
4  herein, defendants, Fidelity and DOES 1 through 100, were and are, corporations licensed to do
5  business and actually doing business in the State of California.  Defendants own and operate an
6  industry, business and establishment in numerous separate geographic locations within the State of
7  California.  Thus, defendants are subject to the applicable Cal. Lab. Codes; California Business and
8  Professions Code § 17200 et seq., and the applicable wage order(s) issued by the Industrial Welfare
9  Commission of the State of California.

10     8.      The true names and capacities, whether individual, corporate, subsidiary,
11  partnership, associate or otherwise of defendant DOES 1 through 100, inclusive, are unknown to
12  the Plaintiffs who therefore sues these defendants by such fictitious names pursuant to Cal. Civ.
13  Proc. Code § 474.  The Plaintiffs will seek leave to amend this Complaint to allege the true names
14  and capacities of DOES 1 through 100, inclusive, when they are ascertained.

15     9.      At all times herein mentioned, each of said defendants participated in the doing of
16  the acts hereinafter alleged to have been done by the named defendants; and furthermore, the
17  defendants, and each of them, were the agents, servants and employees of each and every one of
18  the other defendants, as well as the agents of all defendants, and at all times herein mentioned,
19  were acting within the course and scope of said agency and employment.

20     10.     At all times mentioned herein, the defendants, and each of them, were members of,
21  and engaged in, a joint venture, partnership and common enterprise, and acting within the course
22  and scope of said agency and employment.

23     11.     At all times herein mentioned, the acts and omissions of various defendants, and
24  each of them, concurrently contributed to the various acts and omissions of each and every one of
25  the other defendants in proximately causing the wrongful conduct, harm and damages alleged
26  herein.

27     12.     At all times herein mentioned, defendants, and each of them, approved of, condoned
28  and/or otherwise ratified each and every one of the acts or omission complained of herein. At all

7

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1    times herein mentioned, the defendants, and each of them, aided and abetted the acts and omissions

2    of each and every one of the other defendants thereby proximately causing the damages as herein

3    alleged.

### FIRST CAUSE OF ACTION

### FOR FAILURE TO PAY WAGES OWED

**[Cal. Lab. Code §§ 204, 218, 218.5, 218.6]**

**(By the CLASS against all Defendants)**

8        13.    Plaintiffs, and the other members of the CLASS, reallege and incorporate by this

9    reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

10       14.    Cal. Lab. Code § 204 establishes the fundamental right of all employees in the State

11   of California to be paid wages in a timely fashion for their work.

12       15.    Pursuant to the IWC Wage Order(s), Fidelity is required to pay Plaintiffs, and other

13   members of the CLASS, for all hours worked, meaning the time which an employee is subject to

14   the control of an employer.

15       16.    Fidelity's uniform policy and procedure require(d) Plaintiffs and other members of

16   the CLASS, who are non-exempt, hourly employees, to work "off the clock" without compensation

17   for time spent working for Fidelity and/or subject to the control of Fidelity.  Plaintiffs seek unpaid

18   wages and penalties therefore.

19       17.    Fidelity, as a matter of established company policy and procedure, in each and every

20   county of the State of California where Fidelity conducted business, consistently:

21           a.    Administered a uniform company policy and practice regarding the duties

22                 and responsibilities of the Plaintiffs, and other members of the CLASS;

23           b.    Had and/or have numerous manuals, letters, correspondence, policy

24                 handbooks and the like which taken together constitute, created or comprise,

25                 a written contract for employment for Plaintiffs, and other members of the

26                 CLASS; and,

27           c.    Scheduled to work and/or required, suffered or permitted Plaintiffs, and

28                 other members of the CLASS, to work without paying straight time for each

8

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1    and every hour worked.

2       18.    Fidelity's pattern, practice and uniform administration of corporate policy regarding

3   illegal employee compensation as described herein is unlawful and creates an entitlement, pursuant

4   to Cal. Lab. Code § 218, to recovery by Plaintiffs, and other members of the CLASS, in a civil

5   action, for the unpaid balance of the full amount of the straight time compensation owing.

6       19.    Pursuant to Cal. Lab. Code § 218.6 and the California Civil Code § 3287 (b) and

7   §3289, Plaintiffs, and other members of the CLASS, seek recovery of pre-judgment interest on all

8   amounts recovered herein.

9       20.    Pursuant to Cal. Lab. Code § 218.5, Plaintiffs, and other members of the CLASS,

10   request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

11                              **SECOND CAUSE OF ACTION**

12             **FOR FAILURE TO PAY OVERTIME COMPENSATION**

13                        **[Cal. Lab. Code §§ 510, 1194 and 1198]**

14                        **(By the CLASS against all Defendants)**

15       21.    Plaintiffs, and the other members of the CLASS, reallege and incorporate by this

16   reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

17       22.    Cal. Lab. Code § 510 provides that employees in California shall not be employed

18   more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive

19   additional compensation beyond their regular wages in amounts specified by law. Specifically,

20   Cal. Lab. Code § 510 (a) requires that:

21       Any work in excess of eight hours in one workday and any work in excess of 40
         hours in any one workweek and the first eight hours worked on the seventh day of
22       work in any one workweek shall be compensated at the rate of **no less than one and
         one-half times the regular rate of pay** for an employee. Any work in excess of 12
23       hours in one day shall be compensated at the rate of **no less than twice the regular**
         rate of pay for an employee.
24       Emphasis Added.

25       23.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid overtime

26   compensation, interest thereon, together with the costs of suit, and attorneys fees. Cal. Lab. Code §

27   1198 states that the employment of an employee for longer hours than those fixed by the Industrial

28   Welfare Commission is unlawful.

9

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

24.     Fidelity has intentionally and improperly required Plaintiffs, and other members of the CLASS to only report their straight time hours, specifically excluding all hours they have worked over eight (8) hours in a day and/or forty (40) hours in a week to miscalculate their compensation and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

25.     At all times relevant hereto, from time to time, Plaintiffs, and other members of the CLASS, have worked more that eight hours in a workday, and/or more than forty hours in a work week.

26.     At all times relevant hereto, Fidelity failed to pay Plaintiffs, and other members of the CLASS, the overtime compensation premium for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198. In fact, however, Plaintiffs, and other members of the CLASS, were regularly required to work overtime hours and were paid less than one and a half times their regular rate of pay, in violation of Cal. Lab. Code § 510.

27.     By virtue of Fidelity's unlawful failure to pay the lawful rate of compensation to the Plaintiffs, and other members of the CLASS, for their overtime hours, the Plaintiffs, and other members of the CLASS, have suffered, and will continue to suffer, damages in amounts which are presently unknown to them and will be ascertained according to proof at trial.

28.     Plaintiffs, and other members of the CLASS, request recovery of overtime compensation according to proof, interest, attorney's fees and cost pursuant to Cal. Lab. Code §§ 218.5 and 1194(a), as well as the assessment of any statutory penalties against Fidelity, in a sum as provided by the Cal. Lab. Code and/or other statutes.

29.     Further, Plaintiffs, and other members of the CLASS, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.

### THIRD CAUSE OF ACTION

### FOR UNLAWFUL WAGE DEDUCTIONS

**[Cal. Lab. Code § 221]**

**(By the CLASS against all Defendants)**

30.     Plaintiffs, and the other members of the CLASS, reallege and incorporate by this

10

1  reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

2      31.    California Labor Code §221 provides that an employer may not "collect or receive

3  from an employee any part of wages theretofore paid by said employer to said employee"

4      32.    Fidelity intentionally and consistently offset/deducted Plaintiffs and other members

5  of the CLASS' working hours and/or overtime hours from their monthly commissions.

6      33.    Plaintiffs, and other members of the CLASS, are entitled to and seek to recover the

7  full amount of the deducted wages, plus interest, and reasonable attorneys' fees and costs.

8  **FOURTH CAUSE OF ACTION**

9  **FOR FAILURE TO REIMBURSE EMPLOYEES FOR BUSINESS EXPENSES**

10  **[Cal. Lab. Code §2802]**

11  **(By the CLASS against all Defendants)**

12      34.    Plaintiffs, and the other members of the CLASS, reallege and incorporate by this

13  reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

14      35.    Cal. Lab. Code § 2802 provides that employers shall reimburse employees for all

15  expenses incurred in the performance of their duties.

16      36.    Fidelity intentionally and consistently offset/deducted Plaintiffs and other members

17  of the CLASS' working hours and/or overtime hours from their monthly commissions.  As a result,

18  Plaintiffs and other members of the CLASS incurred expenses in the performance of their duties

19  that Fidelity has intentionally failed to reimburse to Plaintiffs and other members of the CLASS.

20      37.    Plaintiffs, and other members of the CLASS, are entitled to and seek to recover the

21  full amount of the expenses they incurred, plus interest, and reasonable attorneys' fees and costs.

22  **FIFTH CAUSE OF ACTION**

23  **FOR FAILURE TO PROVIDE MEAL PERIODS AND REST PERIODS**

24  **[Cal. Lab. Code §§ 226.7 and 512]**

25  **(By the CLASS against all Defendants)**

26      38.    Plaintiffs, and the other members of the CLASS, reallege and incorporate by this

27  reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

28      39.    Cal. Lab. Code §§ 226.7 and 512 provide that no employer shall employ any person

11

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**

1   for a work period of more than five (5) hours without a meal period of not less than 30 minutes.

2       40.    Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee a

3   meal period in accordance with this section, the employer shall pay the employee one (1) hour of

4   pay at the employee's regular rate of compensation for each five (5) hours of work that the meal

5   period is not provided.

6       41.    Fidelity has intentionally and improperly denied meal periods to Plaintiffs and other

7   members of the CLASS, in violation of Cal. Lab. Code §§ 226.7 and 512.

8       42.    Cal. Lab. Code § 226.7 provides that employers shall authorize and permit

9   employees to take "rest periods at the rate of ten (10) minutes net rest time per four (4) hours of

10   work."

11       43.    Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee

12   rest periods in accordance with this section, the employer shall pay the employee one (1) hour of

13   pay at the employee's regular rate of compensation for each workday that the rest period is not

14   provided.

15       44.    Fidelity has intentionally and improperly denied rest periods to Plaintiffs and other

16   members of the CLASS, in violation of Cal. Lab. Code §§ 226.7 and 512.

17       45.    Plaintiffs and the other members of the CLASS, are entitled to seek and recover

18   reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 226.7 and 512.

19   <u>SIXTH CAUSE OF ACTION</u>

20   <u>FOR FAILURE TO ITEMIZE PAY STATEMENTS</u>

21   **[Cal. Lab. Code § 226]**

22   **(By the CLASS and against all Defendants)**

23       46.    Plaintiffs, and the other members of the CLASS, reallege and incorporate by this

24   reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

25       47.    Cal. Lab. Code § 226 provides:

26       (a)    Every employer shall, semimonthly or at the time of each payment of wages,

27   furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages

28   are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee,

12

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1    except for any employee whose compensation is solely based on a salary and
2    who is exempt from payment of overtime under subdivision (a) of Section
     515 or any applicable order of the Industrial Welfare Commission, (3) the
3    number of piece-rate units earned and any applicable piece rate if the
     employee is paid on a piece rate basis, (4) all deductions, provided that all
4    deductions made on written orders of the employee may be aggregated and
     shown as one item, (5) net wages earned, (6) the inclusive dates of the period
5    for which the employee is paid, (7) the name of the employee and his or her
     social security number, except that by January 1, 2008, only the last four
6    digits of his or her social security number or an existing employee
     identification number other than a social security number may be shown on
7    the check, (8) the name and address of the legal entity that is the employer,
     and (9) all applicable hourly rates in effect during the pay period and the
8    corresponding number of hours worked at each hourly rate by the employee.
     The deductions made from payments of wages shall be recorded in ink or
9    other indelible form, properly dated, showing the month, day, and year, and
10   a copy of the statement or a record of the deductions shall be kept on file by
     the employer for at least three years at the place of employment or at a
11   central location within the State of California.

12   (b)   An employer that is required by this code or any regulation adopted pursuant
           to this code to keep the information required by subdivision (a) shall afford
13         current and former employees the right to inspect or copy the records
           pertaining to that current or former employee, upon reasonable request to the
14         employer. The employer may take reasonable steps to assure the identity of
           a current or former employee. If the employer provides copies of the
15         records, the actual cost of reproduction may be charged to the current or
16         former employee.

     (c)   An employer who receives a written or oral request to inspect or copy
17         records pursuant to subdivision (b) pertaining to a current or former
           employee shall comply with the request as soon as practicable, but not later
18         than 21 calendar days from the date of the request. A violation of this
19         subdivision is an infraction. Impossibility of performance, not caused by or
           a result of a violation of the law, shall be an affirmative defense for an
20         employer in any action alleging a violation of this subdivision. An employer
           may designate the person to whom a request under this subdivision will be
21         made.

     (d)   This section does not apply to any employer of any person employed by the
22         owner or occupant of a residential dwelling whose duties are incidental to
           the ownership, maintenance, or use of the dwelling, including the care and
23         supervision of children, or whose duties are personal and not in the course of
24         the trade, business, profession, or occupation of the owner or occupant.

     (e)   An employee suffering injury as a result of a knowing and intentional failure
25         by an employer to comply with subdivision (a) is entitled to recover the
           greater of all actual damages or fifty dollars ($50) for the initial pay period
26         in which a violation occurs and one hundred dollars ($100) per employee for
           each violation in a subsequent pay period, not exceeding an aggregate
27         penalty of four thousand dollars ($4,000), and is entitled to an award of costs
28         and reasonable attorney's fees.

13

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

(f)    A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven hundred fifty dollars ($750) penalty from the employer.

(g)    An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an aware of costs and reasonable attorney's fees.

48.    Fidelity has failed to maintain the records required by Cal. Lab. Code § 226 making it more difficult for Plaintiffs and the other members of the CLASS to establish all actual wages due from Fidelity over the Class Period.

49.    Accordingly, Plaintiffs and the other members of the CLASS may be prejudiced in their ability to establish the total amount of their actual damages.

50.    Therefore, Plaintiffs and the other members of the CLASS seek the remedy set forth in Cal. Lab. Code § 226(e).

## SEVENTH CAUSE OF ACTION

## FOR UNLAWFUL BUSINESS PRACTICES

### [Cal. Bus. and Prof. Code §§ 17200 *et seq.*]

### (By the CLASS against all Defendants)

51.    Plaintiffs, and other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

52.    Fidelity is a "person" as that term is defined under California Business & Professions Code § 17201.

53.    Cal. Bus. and Prof. Code § 17200 defines unfair competition as "any unlawful, unfair, or fraudulent business act or practice".

54.    At all times relevant hereto, by and through the conduct described herein, Fidelity has engaged in unfair and unlawful practices through amongst other things, failing to pay Plaintiffs and the other members of the CLASS, overtime compensation pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*, and has thereby deprived Plaintiffs, and the other members of the CLASS, of fundamental rights and privileges owed to them by law.

55.    By and through the unfair and unlawful business practices described herein, Fidelity

14

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

1  has obtained valuable property, money, and services from the Plaintiffs, and the other members of

2  the CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their

3  detriment.

4      56.    All the acts described herein as violations of, among other things, the Cal. Lab.

5  Code and Industrial Welfare Commission Wage Order, are unlawful and in violation of public

6  policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby

7  constitute unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code § 17200

8  *et seq.*

9      57.    Plaintiffs, and the other members of the CLASS, are entitled to, and do, seek such

10  relief as may be necessary to restore to them the money and property which Fidelity has acquired,

11  or of which Plaintiffs, and other members of the CLASS, have been deprived, by means of the

12  above described unfair and unlawful business acts and practices.

13      58.    Plaintiffs, and the other members of the CLASS, are further entitled to, and do, seek

14  a declaration that the above described business practices are unfair and unlawful and that injunctive

15  relief should be issued restraining Fidelity from engaging in any of the above described unfair and

16  unlawful business practices in the future.

17      59.    Plaintiffs, and the other members of the CLASS, have no plain, speedy, and/or

18  adequate remedy at law to redress the injuries which they have suffered as a consequence of the

19  unfair and unlawful business practices of Fidelity.  As a result of the unfair and unlawful business

20  practices described above, Plaintiffs, and the other members of the CLASS, have suffered and will

21  continue to suffer irreparable harm unless Fidelity is restrained from continuing to engage in these

22  unfair and unlawful business practices.  In addition, Fidelity should be required to disgorge the

23  unpaid moneys to Plaintiffs, and the other members of the CLASS.

24  **PRAYER**

25      WHEREFORE, Plaintiffs pray for judgment against Fidelity in favor of Plaintiffs and the

26  CLASS as follows:

27  1.    <u>**ON THE FIRST CAUSE OF ACTION**</u>

28      A) For compensatory damages, including lost wages, commissions, bonuses, and other

15

1    losses, according to proof;

2    B) For general damages, according to proof;

3    C) For an award of interest, including prejudgment interest at the legal rate;

4    D) For statutory damages, including reasonable attorneys' fees and cost of suit.

5    2.    **ON THE SECOND CAUSE OF ACTION**

6    A) For compensatory damages, including lost wages, commissions, bonuses, and other

7    losses, according to proof;

8    B) For general damages, according to proof;

9    C) For an award of interest, including prejudgment interest at the legal rate;

10   D) For statutory damages, including reasonable attorneys' fees and cost of suit.

11   3.    **ON THE THIRD CAUSE OF ACTION**

12   A) For damages according to proof as set forth in Cal. Lab. Code § 221, regarding unlawful

13   wage deductions;

14   B) For interest owed on all deductions made by Fidelity to Plaintiffs, and other members of

15   the CLASS, at the statutory rate of interest, and not previously reimbursed;

16   (C) For reasonable attorneys fees, expenses, and costs proscribed in Cal. Lab. Code § 218.5.

17   4.    **ON THE FORTH CAUSE OF ACTION**

18   A) For damages according to proof as set forth in Cal. Lab. Code § 2802, regarding

19   reimbursement due;

20   B) For interest owed on all expenses paid by Plaintiffs and other members of the CLASS, at

21   the statutory rate of interest, and not previously reimbursed;

22   (C) For reasonable attorneys fees, expenses, and costs proscribed in Cal. Lab. Code § 218.5.

23   5.    **ON THE FIFTH CAUSE OF ACTION**

24   A) For one (1) hour of pay at the employees regular rate for each work day that the meal

25   period was not provided;

26   (B) For one (1) hour of pay at the employees regular rate for each work day that the rest

27   period was not provided; and;

28   (C) For reasonable attorneys' fees, expenses and costs as provided by California Labor

16

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

Code § 1194 et seq.

6.  **ON THE SIXTH CAUSE OF ACTION**

A) For damages according to proof, as set forth in Cal. Lab. Code § 226(e), regarding wage statement violations;

B) For penalties pursuant to Cal. Lab. Code § 226(e) which states fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) per employee;

C) For reasonable attorney's fees, and costs as provided by Cal. Lab. Code §226(e).

7.  **ON THE SEVENTH CAUSE OF ACTION**

A) For restitution and disgorgement;

B) For injunctive relief ordering the continuing unfair business acts and practices to cease, or as the Court otherwise deems just and proper;

C) For other injunctive relief ordering Fidelity to notify the CLASS that they have not been paid the proper amounts required in accordance with California law.

6.  **ON ALL CAUSES OF ACTION**

A) An Order certifying the CLASS and/or the subclasses contained therein, approving Plaintiffs as the Representatives of the CLASS, and permitting this case to proceed as a class action; and,

B) For such other and further relief as the Court deem just and proper.

Dated: January  5, 2011                    **CLARK & MARKHAM LLP**

By:  _____
David R. Markham
R. Craig Clark
James M. Treglio
Laura M. Cotter

Walter Haines (SBN 071075)
**UNITED EMPLOYEES LAW GROUP**
65 Pine Ave, #312
Long Beach, California 90802

17

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

Telephone: (877) 696-8378
Facsimile:  (562) 256-1006

Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on issues triable to a jury.

Dated: January 5 , 2011          CLARK & MARKHAM LLP

By:

David R. Markham
R. Craig Clark
James M. Treglio
Laura Cotter

Walter Haines (SBN 071075)
UNITED EMPLOYEES LAW GROUP
65 Pine Ave, #312
Long Beach, California 90802
Telephone: (877) 696-8378
Facsimile:  (562) 256-1006

Attorneys for Plaintiffs

18

CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

**EXHIBIT B**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address):*
James M. Treglio /CLARK & MARKHAM LLP
600 B Street, Suite 2130, San Diego, CA 92101

Telephone No.: (619) 239-1321          Fax No. (Optional): (619) 239-5888
E-Mail Address (Optional): jtreglio@clarkmarkham.com
ATTORNEY FOR *(Name):* Plaintiffs          Bar No: 228077

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/05/2011 at 09:39:55 AM**

Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
Civil Complex Center - 751 W. Santa Ana Blvd., Bldg. 36, Santa Ana, CA 92701-4512

PLAINTIFF / PETITIONER: James Burda, et al.

DEFENDANT / RESPONDENT: Fidelity National Management Services, LLC

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

***(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)***

Cr 30-2011-00438385-CU-OE-CXC

DEPT:
Judge Nancy Wieben Stock

STATUS CONFERENCE DATE:

In response to the conflict of interest issues raised in ***Apple Computer, Inc. v. The Superior Court of Los Angeles County*** (2005) 126 Cal. App. 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1. Is any proposed class representative an attorney?                    Yes ____   No ✔

2. Is any proposed class representative a spouse, child or family
member of plaintiff's counsel or of a partner or associate of the
law firm of which plaintiff's counsel  is a member?                    Yes ____   No ✔

        If yes, explain relationship: N/A _____

3.  Within the last 5 years, has any proposed class representative filed
prior class action lawsuits using the same plaintiff's counsel or firm
as in the present case?                                                 Yes ____   No ✔

        If yes, explain: N/A _____

4.  Does any proposed class representative have a business relationship
with plaintiff's counsel, including but not limited to, the relationship
of law partner, associate,  employee, principal, agent, independent
contractor, or professional corporation?                               Yes ____   No ✔

        If yes, explain relationship: N/A _____

5.  If there is co-counsel, have the attorneys been co-counsel
in other class actions?                                                 Yes ✔   No ____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true
and correct.

1/5/2011
DATE

SIGNATURE OF COUNSEL FOR PLAINTIFF(S)

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

Approved for Mandatory Use
L277  [New June 1, 2005]

**EXHIBIT B**

34

**EXHIBIT C**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James M Treglio, 228077<br>Clark & Markham LLP<br>600 B Street, Suite 2130<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 239-1321<br>ATTORNEY FOR *(Name):* Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**01/13/2011 at 04:29:00 PM**<br>Clerk of the Superior Court<br>By Maarit H Nordman, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, Orange County
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

PLAINTIFF/PETITIONER: Burda, et al.

DEFENDANT/RESPONDENT: Fidelity National Management Services, LLC.

CASE NUMBER:
30-2011-00438385-CU-OE-CXC

Ref. No. or File No.:
none

**PROOF OF SERVICE OF SUMMONS**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Complaint, Summons, Civil Case Cover Sheet, Class Action Questionnaire, ADR Packet

# BY FAX

3. a. Party served: Fidelity National Management Services, LLC., a Delaware limited liability company doing business in the State of California

   b. Person Served: Jessica Chavez, CT Corporation System - Person authorized to accept service of process

4. Address where the party was served: 818 West Seventh Street 2nd Floor
   Los Angeles, CA 90017

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or *(date):* 1/10/2011        (2) at *(time):* 12:07 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:

   Fidelity National Management Services, LLC., a Delaware limited liability company doing business in the State of California
   under:        Other: Limited Liability Company

7. **Person who served papers**
   a. Name:           Sarah Thompson
   b. Address:        One Legal - 194-Marin
                      504 Redwood Blvd #223
                      Novato, CA 94947
   c. Telephone number:   415-491-0606
   d. The fee for service was: $ 29.00
   e. I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii) Registration No.: 6679
         (iii) County LOS ANGELES

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 1/11/2011

Sarah Thompson
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 6736395

## EXHIBIT C

35

**EXHIBIT D**

**Mary Garner**

| | |
|---|---|
| **From:** | One Legal Support [support@onelegal.com] |
| **Sent:** | Wednesday, February 09, 2011 9:24 AM |
| **To:** | Mary Garner |
| **Subject:** | Order 5026826 Has Been SUBMITTED to the Court |

To check the status of your order and view your order details:

1. Go to http://www.onelegal.com and login with your email address and password.
2. Click on "Recent Orders".
3. Click on order number 5026826.

You will receive another email from us updating your order's status.

FILING INFORMATION

Order Type:      eFiling
Order No.:       5026826
Submitted:       2/09/2011 9:22 AM

Jurisdiction:   Superior Court of California, Orange County
Location:       Civil Complex Center
Case Category:  Civil - Unlimited
Case Type:      Other employment
Case Number:    30-2011-00438385-CU-OE-CXC
Case Title:     Burda vs. Fidelity National Management Services, LLC
Lead Document:  Answer to Complaint

If you have any questions or need assistance, please send an email to
support@onelegal.com, and feel free to contact our Customer Support department Monday
through Friday from 8:15 a.m. until 5:30 p.m. at 800-938-8815.

Thank you for choosing One Legal.

CCMSOE01

**EXHIBIT D**

1

1   Curtis A. Graham, State Bar No. 215745
    Michelle Rapoport, Bar No. 247459
2   Roger L. Scott, Bar No. 247165
    FORD & HARRISON LLP
3   350 South Grand Avenue, Suite 2300
    Los Angeles, CA 90071
4   Telephone:    (213) 237-2400
    Facsimile:    (213) 237-2401
5
    Attorneys for Defendant
6   FIDELITY NATIONAL MANAGEMENT
    SERVICES, LLC
7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF ORANGE

10

11  JAMES BURDA, an individual, LAUREL          CASE NO.  30-2011-00438385-CU-OE-CXC
    HESS, an individual, LORI CALLISON,
12  an individual, CANDEE ERWIN, an             Hon. Nancy Wieben Stock, Dept. CX105
    individual, SHIRLEY PALAZZO, an
13  individual, JOYCE SCHEMEL, an               [CLASS ACTION]
    individual, on behalf of themselves, and all
14  persons similarly situated,                 DEFENDANT'S ANSWER TO
                                                PLAINTIFFS' UNVERIFIED CLASS
15                   Plaintiffs,                ACTION COMPLAINT

16           v.

17  FIDELITY NATIONAL MANAGEMENT               Complaint Filed:   January 5, 2011
    SERVICES, LLC, a Delaware limited          Trial Date:        Not Set
18  liability company doing business in the
    State of California, and DOES 1 through
19  100, Inclusive,

20                   Defendants.

21

22          Defendant Fidelity National Management Services ("Defendant") hereby submits its

23  answer to Plaintiffs James Burda, Laurel Hess, Lori Callison, Candee Erwin, Shirley Palazzo, and

24  Joyce Schemel's ("Plaintiffs") Unverified Class Action Complaint.

25

26  / / /

27  / / /

28  / / /
    LA:100612.1
FORD & HARRISON  /CASE No. 30-2011-00438385-CU-OE-CXC
    LLP                              DEFENDANT'S ANSWER TO UNVERIFIED COMPLAINT
ATTORNEYS AT LAW                                    DOCUMENT PRINTED ON RECYCLED PAPER
  LOS ANGELES

### GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint. In addition, Defendant denies that Plaintiffs and the putative class have sustained, or will sustain, any loss or damage in the manner alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof, on the part of Defendant or anyone acting on its behalf. Without conceding that it has the burden of proof or persuasion, Defendant also asserts the following Affirmative Defenses:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Facts Insufficient to State Any Cause of Action)

1.    The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute any cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.    The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 337, 337.1, 338, 339, 340 and 343, as well as California Business and Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE

### (No Overtime Violations)

3.    Any recovery on Plaintiffs' Complaint with respect to the allegations of failure to pay overtime is barred because Plaintiffs and all purported class members were not entitled to overtime compensation under the California Labor Code, the applicable wage orders of the California Industrial Welfare Commission, and/or applicable federal law.

///

///

LA:100612.1

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE No. 30-2011-00438385-CU-OB-CXC
DEFENDANT'S ANSWER TO UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

## FOURTH AFFIRMATIVE DEFENSE

### (No Meal or Rest Break Violations)

4.    Any recovery on Plaintiffs' Complaint with respect to allegations of failure to provide meal periods and rest breaks are barred because Plaintiffs' employer complied with all applicable provisions of the California Labor Code, the wage orders of the California Industrial Welfare Commission, and/or applicable federal law regarding the provision of meal periods and rest breaks.

## FIFTH AFFIRMATIVE DEFENSE

### (Penalties and Premium Pay Not Available)

5.    Plaintiffs' claims for penalties, including, but not limited to penalties under Labor Code Sections 203, 226, 226.7, 510, 512 and 2698, are barred in whole or in part, because Plaintiffs have not alleged, and cannot allege, facts demonstrating, that Defendant's conduct was willful or harmful.  Without admitting any facts pled in the Complaint, Defendant alleges that it engaged in lawful conduct that was with cause and justification, and Defendant is not liable for any purported injuries or claims which Plaintiffs and all purported class members now declare.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

6.    Plaintiffs' class allegations are barred, in whole or in part, because Plaintiffs lack standing to asset them.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Unfair Competition)

7.    Plaintiffs' purported First Cause of Action is barred because the alleged practices are not unfair, the public is not likely to be deceived by any alleged practices, Defendant gained no competitive advantage by such alleged practices, and the benefits of the alleged practices outweigh any alleged harm or other impact they may cause.

/ / /

/ / /

/ / /

- 3 -

LA:100612.1
/CASE No. 30-2011-00438385-CU-OB-CXC
DEFENDANT'S ANSWER TO UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

39

### EIGHTH AFFIRMATIVE DEFENSE

#### (No Equitable or Injunctive Relief)

8.    Plaintiffs are not entitled to any equitable or injunctive relief as prayed for in the Complaint because Plaintiffs are not currently employed by Defendant and have an adequate remedy at law for the alleged conduct of Defendant.

### NINTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

9.    Without admitting any facts pled by Plaintiffs, Defendant alleges that if Plaintiffs and any purported class members have sustained any loss, injury or damages either as alleged in the Complaint or at all, which Defendant expressly denies, the same were directly and proximately caused and/or exacerbated by Plaintiffs' and all purported class members' own conduct, promises and representations to Defendant, and failure to take actions to mitigate these losses, injuries, or damages.

### TENTH AFFIRMATIVE DEFENSE

#### (Waiver)

10.    The Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiffs and all purported class members have expressly and/or impliedly waived the right to assert such causes of action by virtue of their conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Estoppel)

11.    By virtue of their conduct, Plaintiffs and all purported class members be estopped from asserting any of the causes of action in the Complaint against Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Laches)

12.    Plaintiffs and all purported class members are barred from proceeding with this action on the ground that Plaintiffs and all purported class members are guilty of laches in failing to timely commence this action, which has prejudiced Defendant in its ability to discover adequate witnesses, testimony, facts, and evidence to support Defendant's defenses.

- 4 -

LA:100612.1

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE No. 30-2011-00438385-CU-OE-CXC
DEFENDANT'S ANSWER TO UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

40

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

13.     Defendant is informed and believes and thereon alleges that Plaintiffs and all purported class members, by their own conduct, are guilty of unclean hands, which completely bars or reduces recovery, if any, to which they may be entitled, all In accordance with proof at trial.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Consent)

14.     The Complaint, and each purported cause of action alleged therein, is barred on the ground that at all times alleged in the Complaint Plaintiffs and all purported class members expressly or impliedly assented to or ratified the conduct alleged to be unlawful.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Class Certification is Not Appropriate)

15.     This matter cannot proceed as a class action because Plaintiffs and all purported class members have not and cannot satisfy the requirements of California Code of Civil Procedure section 382.

16.     This case is not appropriate for class certification because Plaintiffs are not able to fairly and adequately protect the interests of all members of the putative class.

17.     This case is not appropriate for class certification because Plaintiffs are not adequate representatives of the purported class members of the Complaint or any alleged cause of action asserted therein.

18.     This case is not appropriate for class certification because the Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a class action against Defendant.

19.     This case is not appropriate for class action because common questions of fact do not predominate over individual questions of fact raised in each of the five alleged causes of action of the Complaint.

/ / /

- 5 -

LA:100612.1
/CASE No. 30-2011-00438385-CU-OE-CXC
DEFENDANT'S ANSWER TO UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER
FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

41

20.     This case is not appropriate for class certification because class treatment is not the superior method for resolving the alleged claims, including but not limited to the administrative remedy provided by the California State Labor Commissioner that is available to Plaintiffs and each alleged putative class member.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

21.     Plaintiffs and all purported class members failed to exhaust available administrative remedies and are therefore precluded from obtaining any relief under their alleged causes of action in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Offset)

22.     Defendant alleges that is has suffered damages by reason of Plaintiffs' and all purported class members' conduct, and Defendant has a right to offset its damages against the damages, if any, of Plaintiffs and each purported class member.

## EITHTEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

23.     Plaintiffs and all purported class members are precluded from recovering the damages alleged in the Complaint because those damages are too vague, uncertain and speculative to permit recovery.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Frivolous Claim)

24.     Defendant alleges that it is entitled to recover reasonable expenses, including attorney's fees if allowable, from Plaintiffs and Plaintiffs' counsel in that Plaintiffs' Complaint and each purported cause of action as alleged therein is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of harassing Defendant.

///

///

LA:100612.1                                                                - 6 -
/CASE NO. 30-2011-00438385-CU-OE-CXC
DEFENDANT'S ANSWER TO UNVERIFIED COMPLAINT          DOCUMENT PRINTED ON RECYCLED PAPER

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

42

## TWENTIETH AFFIRMATIVE DEFENSE

### (Release)

25.     The Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiffs have released and waived any and all claims they may have against Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Preemption)

26.     The Complaint, and each purported cause of action contained therein, is preempted by federal law, including but not limited to the Employee Retirement Insurance Security Act (ERISA).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unstated Affirmative Defense)

27.     Defendant alleges that it may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

///
///
///
///
///
///

LA:100612.1

/Case No. 30-2011-00438385-CU-OE-CXC

- 7 -

DEFENDANT'S ANSWER TO UNVERIFIED COMPLAINT

DOCUMENT PRINTED ON RECYCLED PAPER

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

43

1    WHEREFORE, Defendant prays that:

2        1.    The Complaint be dismissed in its entirety with prejudice, and that Plaintiffs and

3              any putative class members take nothing by their Complaint;

4        2.    Judgment be entered against Plaintiffs and in favor of Defendant;

5        3.    Defendant be awarded its costs of suit and reasonable attorneys' fees if allowable

6              by law; and

7        4.    The Court award Defendant such other and further relief as it deems appropriate.

8

9    Dated: February 8, 2011          Respectfully submitted,

10                         FORD & HARRISON LLP

11

12                         By: _____

13                         Curtis A. Graham

14                         Michelle Rapoport
                             Roger L. Scott

15                         Attorneys for Defendant
                             FIDELITY NATIONAL MANAGEMENT

16                         SERVICES, LLC

17

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:100612.1
/CASE No. 30-2011-00438385-CU-OE-CXC

DEFENDANT'S ANSWER TO UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

## PROOF OF SERVICE

I, Mary Garner, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On February 9, 2011, I served a copy of the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFFS' UNVERIFIED CLASS ACTION COMPLAINT**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    by placing the document(s) listed above in a sealed Overnite Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an Overnite agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Attorneys for Plaintiffs:
David R. Markham, Esq.
R. Craig Clark, Esq.
James M. Treglio, Esq.
Laura M. Cotter, Esq.
Clark & Markham LLP
600 B Street, Suite 2130
San Diego, CA 92101
Tel:    (619) 239-1321
Fax:    (619) 239-5888

Nicholas Wagner, Esq.
Andrew B. Jones, Esq.
Daniel M. Kopfman, Esq.
Law Offices of Wagner & Jones
111 E. Herndon, Suite 317
Fresno, CA 93720
Tel:    (559) 449-1800
Fax:    (559) 449-0749

Walter Haines, Esq.
United Employees Law Group
65 Pine Ave., #312
Long Beach, CA 90802
Tel:    (877) 696-8378
Fax:    (562) 256-1006

[Continued next page]

LA:100612.1

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. 30-2011-00438385-CU-OE-CXC
DEFENDANT'S ANSWER TO UNVERIFIED COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

1     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

2     Executed on February 9, 2011, at Los Angeles, California.

*Mary Garner*

Mary Garner

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:100612.1

/CASE No. 30-2011-00438385-CU-OE-CXC

- 2 -

DEFENDANT'S ANSWER TO UNVERIFIED COMPLAINT

DOCUMENT PRINTED ON RECYCLED PAPER

1

## PROOF OF SERVICE

2

I, Mary Garner, declare:

3

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.  On February 9, 2011, I served a copy of the within document(s):

4

5

**DEFENDANT'S NOTICE OF FILING A PETITION FOR REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1446; DECLARATIONS OF PATRICK MORTIMER AND MICHELLE RAPOPORT IN SUPPORT THEREOF**

6

7

8

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

9

10

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

11

12

13

14

15

☐    by placing the document(s) listed above in a sealed Overnite Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an Overnite agent for delivery.

16

17

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

18

Attorneys for Plaintiffs:

19

David R. Markham, Esq.
R. Craig Clark, Esq.

Nicholas Wagner, Esq.
Andrew B. Jones, Esq.

20

James M. Treglio, Esq.
Laura M. Cotter, Esq.

Daniel M. Kopfman, Esq.
Law Offices of Wagner & Jones

21

Clark & Markham LLP
600 B Street, Suite 2130

111 E. Herndon, Suite 317
Fresno, CA 93720

22

San Diego, CA 92101
Tel:  (619) 239-1321

Tel:  (559) 449-1800
Fax:  (559) 449-0749

23

Fax:  (619) 239-5888

24

Walter Haines, Esq.
United Employees Law Group

25

65 Pine Ave., #312
Long Beach, CA 90802

26

Tel:  (877) 696-8378
Fax:  (562) 256-1006

27

28

LA:100616.1

DEFENDANT'S NOTICE OF REMOVAL

1    I declare under penalty of perjury under the laws of the United States of
2    America that the above is true and correct.

3    Executed on February 9, 2011, at Los Angeles, California.

4

5                                                    _____
                                                                  Mary Garner

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:100616.1

- 2 -

DEFENDANT'S NOTICE OF REMOVAL

48

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV11- 1215 CAS (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JAMES BURDA, an individual, LAUREL HESS, an individual, LORI CALLISON, an individual, CANDEE ERWIN, an individual, SHIRLEY PALAZZO, an individual, JOYCE SCHEMEL, an individual, on behalf of themselves, and all persons similarly situated

**DEFENDANTS**
FIDELITY NATIONAL MANAGEMENT SERVICES, LLC, a Delaware limited liability company doing business in the State of California, and DOES 1 through 100, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
David R. Markham, Esq., Clark & Markham LLP, 600 B Street, Suite 2130, San Diego, CA 92101, Telephone: (619) 239-1321; Nicholas Wagner, Esq./Andrew B. Jones, Esq., Law Offices of Wagern & Jones, 111 E. Herndon, Suite 317, Fresno, CA 93720, Telephone: (559) 449-1800; Walter Haines, Esq., United Employees Law Group, 65 Pine Ave., #312, Long Beach, CA 90802, Telephone: (877) 696-8378

Attorneys (If Known)
Curtis A. Graham / Michelle Rapoport / Roger L. Scott
Ford & Harrison LLP
350 S. Grand Ave., Suite 2300
Los Angeles, CA 90071, Telephone: (213) 237-2400

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ Not specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sections 1332(d), 1441(b) and 1446. Removal pursuant to the Class Action Fairness Act .

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

CV11-01215

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Orange County, Santa Clara County |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Delaware, Florida |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Orange County, Santa Clara County |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _(M. Rapoport)_    Date  February 9, 2011
                                          Michelle Rapoport

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |